(24 Civ. Proc. R. 62.)

PEOPLE'S BANK v. THOMPSON et al.

(Supreme Court, Special Term, New York County.    September, 1894.)

ATTORNEY AND CLIENT—SUBSTITUTION OF ATTORNEY.

A substitution of an attorney will not be denied on the ground of a general lien for services of the attorney to be displaced, where the only thing done by him was serving notice of appearance for defendant, but the substitution will be granted on payment of the sum earned in drawing and serving the notice of appearance.

Action by the People's Bank against Thompson and others. Defendant Thompson moves to substitute Hays & Greenbaum as her attorneys in the place of Fromme Bros.    Granted.

Hays & Greenbaum, for the motion.
Fromme Bros., opposed.

LAWRENCE, J. In this case the defendant Thompson desires to substitute Messrs. Hays & Greenbaum for Messrs. Fromme Bros. as her attorneys to defend this action. It does not appear that anything further has been done on the part of Messrs. Fromme Bros. than the service of a notice of appearance for the defendant Thompson. It does appear, however, that there have been differences of opinion between the members of the firm of Fromme Bros. which have led to the dissolution of the firm. One of the former partners has retired from the firm, and a new copartnership formed under the old name. It is quite evident that the differences which led to the dissolution of the firm have engendered hostile feelings between the members of the late firm. It is claimed that the defendant Thompson owes the late firm for past services a large amount of money. Those services seem, however, to have been rendered in other actions; and, as the only papers served in this

action are a summons and a notice of appearance, the right to oppose the substitution moved for on the ground of a general lien for such services is not clear.    I think that this motion should be granted, upon payment of such sum as the new firm may have earned in drawing and serving the notice of appearance.    See In re Wilson & Greig, 2 Civ. Proc. R. 343.    Settle order on one day's notice.